By the Court:

To allow the plaintiff in this action to recover the value of the land which it is stated the father had agreed to devise to him in his will, in consideration of his remaining with him and working for him until the father’s death, would be in contravention both of the letter and the policy of the statute of frauds. The plaintiff therefore cannot maintain the action on the special counts, or upon the special contract set out in them, because it1 was not in writing. But he may recover on the common counts, by way of damages, such compensation for the work and labor performed by him, as the jury may consider his services to have been reasonably worth, according to the evidence before them" on that point; and this principle we consider is clearly established by the ruling in the case cited from 2 Hill Rep. 485, in which we concur.
There is one fact in this case which distinguishes it from all the cases which had been cited, on the question of pleading, which had been raised and discussed in the argument, which the Court would notice in support of the point just ruled, that the recovery could not be on the special but must be on the common counts, for the work ,and labor merely, without any reference to the value of the land to be devised as a compensation for the service, and that is the fact that the special agreement alleged was not actually performed by either party, although, as the case now pre *212 sents itself to the Court and jury, the plaintiff was prevented from performing and completing it on his part by the testator. According to the evidence, as it now stands, the plaintiff was prevented from performing the contract, that is to say, from remaining with and working for his father until his death, by reason of the displeasure of thé latter on account of his marriage, and his discharge from the service. But an action cannot be maintained on a special contract which has not been performed, although the party who has been prevented from performing it by the default of the other may recover in an action of indebitatus assumpsit on the common counts, for his services and expenses under the special contract, done, or incurred in the partial performance of it. We therefore think, as the case is now presented, the plaintiff' is entitled to recover on the common counts for work and labor, according to the actual value of his services, without any reference to the value of the land to be devised by the terms of the alleged special agreement, provided the jury should be satisfied from the evidence that he was ejnployed by his father, the testator, to perform them, under an actual or express promise by the latter to pay or compensate him for them when performed, which was a question for the jury alone to decide. The motion for a nonsuit is therefore refused.
C. S. Layton and E. D. Cullen, for plaintiff.
W. Saulsbury, for defendant.
The case afterwards went to the jury on the charge of the Court, reaffirming the same views announced on the motion for a nonsuit, and the plaintiff had a verdict for the value of his services proved.